## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| BAYOU STEEL BD HOLDINGS, LLC, *et al.*,[1] | Case No. 19-12153 (KBO) |
| Debtors. | (Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*, | Adv. Proc. No. 21-_____ (KBO) |
| Plaintiff, | |
| vs. | |
| JMS RUSSEL METALS CORP., | |
| Defendant. | |

## COMPLAINT FOR BREACH OF CONTRACT,
## ACCOUNT STATED AND GOODS SOLD AND DELIVERED

Plaintiff, George L. Miller in his capacity as chapter 7 trustee of Bayou Steel BD

Holdings, L.L.C., *et al.*, (the "**Plaintiff**"), for the estates of the above-captioned debtors (the

"**Debtors**") in the above-captioned cases pending under chapter 7 of title 11 of the United States

Code (the "**Bankruptcy Code**"), by and through his undersigned counsel, as and for his

*Complaint For Breach of Contract, Account Stated and Goods Sold and Delivered* (the

"**Complaint**") against the above-captioned defendant (the "**Defendant**"), alleges as follows:

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222), and BD LaPlace, LLC, a Delaware limited liability company (5783).

## THE PARTIES

1.      On October 1, 2019, each of the Debtors filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code.  The Debtors' cases are jointly administered for administrative purposes only.

2.      Each of the Debtors' cases was converted to chapter 7 on February 25, 2020 (the "**Conversion Date**"), and Plaintiff George L. Miller (the "**Trustee**") was appointed as trustee on the same date.  The Bankruptcy Code authorizes the Trustee to pursue and prosecute avoidance actions on behalf of the Debtors' estates.

3.      Defendant JMS Russel Metals Corp. is a corporation formed under the laws of the State of Delaware with its principal office address at 25 College Park CV, Jackson, Tennessee.

## JURISDICTION AND VENUE

4.      The United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") has jurisdiction over this adversary proceeding under the Bankruptcy Code pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.

5.      This proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b) and the Bankruptcy Court may enter final orders for the matters contained herein.

6.      Pursuant to Local Bankruptcy Rule 7008-1, the Plaintiff affirms his consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that

the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

7.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## **BASIS FOR RELIEF REQUESTED**

8.      This adversary proceeding is initiated pursuant to Rule 7001-1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") to recover monies owed by the Defendant to the Debtors for goods purchased prior to the Petition Date.

## **FACTS**

9.      Prior to the Petition Date, the parties began a contractual relationship in which Defendant agreed to purchase and the Debtors agreed to sell steel and related products supplies, pursuant to agreed terms and conditions (the "**Contract**").  The Debtors sold the products to Defendant pursuant to invoices or statements submitted by Debtors to Defendant, including but not limited to the schedule of unpaid invoices identified on Exhibit A attached hereto.

10.      Throughout the parties' relationship, the Debtors supplied goods to Defendant pursuant to the Contract, and Defendant paid the Debtors therefor, with the exception of certain goods and supplies.  As of October 1, 2019, Defendant was indebted to the Debtors for goods sold and delivered pursuant to the Contract in the amount of $59,438.02.

11.      Plaintiff sent a demand letter to Defendant asserting the above-referenced outstanding amount and inviting an exchange of information regarding any potential defenses. No agreement could be reached.

## FIRST CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

12.     The Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth herein.

13.     As noted above, the Debtors and Debtors entered into the Contract, pursuant to which Debtors agreed to sell, and Defendant agreed to buy, certain steel or related products.

14.     The Contract is valid and an enforceable agreement against the Defendant.

15.     The Debtors performed their obligations under the Contract with respect to the goods sold to Defendant.

16.     The Defendant's failure to compensate the Debtors for these goods/services in an amount not less than $59,438.02, constitutes a material breach of the Defendant's obligations under the Contract.

17.     As a direct and proximate result of the Defendant's breaches, the Debtors incurred damages in an amount not less than $59,438.02.

18.     Accordingly, the Plaintiff is entitled to a judgment against the Defendant in an amount not less than $59,438.02.

## SECOND CLAIM FOR RELIEF
### (ACCOUNT STATED)

19.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

20.     Debtors sent invoices to Defendant that set forth the amounts due and owing for Defendant's purchase of goods from the Debtors.

21.     Defendant has never objected to the invoices described in Exhibit A.

22.     The Plaintiff has demanded that Defendant pay for the goods that it purchased and received from the Debtors.  Defendant has failed and refused to do so.

23.     There is an account stated, due and owing to Debtors in the amount of $59,438.02, and Plaintiff is entitled to a judgment therefor.

<u>**THIRD CLAIM FOR RELIEF**</u>
**(GOODS SOLD AND DELIVERED)**

24.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

25.     Within the year prior to the Petition Date, Defendant became indebted to Debtors for goods sold and delivered to Defendant and for which Defendant promised to pay $59,438.02.

26.     Defendant has failed to pay for the goods, despite the Plaintiff's demand therefor.  Plaintiff is therefore entitled to a judgment in the amount of $59,438.02.

**WHEREFORE**, Plaintiff prays for judgment on the first, second and third claims for relief as follows:

1.     For a determination and judgment on that Plaintiff is entitled to recover from Defendant all damages caused by Defendant's breach of the Contract in the amount of $59,438.02, plus prejudgment interest thereon;

2.     For costs of suit incurred herein; and

3.      For such other and further relief as the Court may deem just and proper.


Dated:  March 8, 2021                        PACHULSKI STANG ZIEHL & JONES LLP

                                             */s/ Peter J. Keane*
                                             Bradford J. Sandler (DE Bar No. 4142)
                                             Andrew W. Caine (CA Bar No. 110345)
                                             Peter J. Keane (DE Bar No. 5503)
                                             919 North Market Street, 17th Floor
                                             P.O. Box 8705
                                             Wilmington, Delaware 19899-8705 (Courier 19801)
                                             Telephone: (302) 652-4100
                                             Facsimile:  (302) 652-4400
                                             Email:    bsandler@pszjlaw.com
                                                       acaine@pszjlaw.com
                                                       pkeane@pszjlaw.com

                                             *Counsel to Plaintiff, George L. Miller, Chapter 7*
                                             *Trustee for the Estates of Bayou Steel BD Holdings*
                                             *L.L.C., et al.*