**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| BAYOU STEEL BD HOLDINGS, LLC, *et al.*, ) | |
| ) | Case No. 19-12153 (KBO) |
| Debtors. ) | |
| _____ ) | (Jointly Administered) |
| ) | |
| GEORGE L. MILLER, in his capacity as ) | |
| Chapter 7 Trustee of BAYOU STEEL BD ) | |
| HOLDINGS, L.L.C., *et al.*, ) | Adversary Proceeding No. 21-50238 (KBO) |
| ) | |
| Plaintiff, ) | |
| ) | JURY TRIAL DEMANDED |
| vs. ) | |
| ) | |
| JMS RUSSEL METALS CORP., ) | |
| ) | |
| Defendant. ) | |
| _____ | |

**DEFENDANT, JMS RUSSEL METALS CORP.'S ANSWER TO COMPLAINT FOR**
**BREACH OF CONTRACT, ACCOUNT STATED AND GOODS SOLD AND DELIVERED**

JMS Russel Metals Corp. (the "Defendant"), through its undersigned counsel, files the following Answer to Complaint for Breach of Contract, Account Stated and Goods Sold and Delivered (the "Complaint"), averring as follows:

**THE PARTIES**

1.  The Defendant submits that no response is required to the averments in paragraph 1. To the extent a response is required, the averments in paragraph 1 are denied.

2.  The averments in paragraph 2 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 2 are denied.

3.  The averments in paragraph 3 are admitted in part and denied in part. It is admitted that the corporation formed under the laws of the State of Delaware. The principal office address is 6600 Financial Drive, Mississauga, Ontario Canada L5N 7J6.

**JURISDICTION AND VENUE**

4.  The averments in paragraph 4 are admitted.

5. The averments in paragraph 5 are admitted.

6. Defendant submits that no response is required to the averments in paragraph 6. To the extent a response is required, the averments in paragraph 6 are denied. By way of further response, the Defendant does not consent to the entry of final orders or judgment by this Court if it is determined that consent of the parties is required by this Court to enter final orders or judgment consistent with Article III of the United States Constitution.

7. The averments in paragraph 7 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 7 are denied.

## BASIS FOR RELIEF REQUESTED

8. The Defendant is without sufficient information to admit or deny the averments in paragraph 8. To the extent a response is required, the averments in paragraph 8 are denied.

## FACTS

9. The Defendant is without sufficient information to admit or deny the averments in paragraph 9, as the averment makes an ambiguous reference to invoices and a Contract. To the extent a response is required, the averments in paragraph 9 are denied.

10. The Defendant is without sufficient information to admit or deny the averments in paragraph 10. To the extent a response is required, the averments in paragraph 10 are denied.

11. The averments in paragraph 11 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 11 are denied.

## FIRST CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

12. Paragraphs 1 through 11 are incorporated herein by reference.

13. The averments in paragraph 13 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 13 are denied.

14. The averments in paragraph 14 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 14 are denied.

15. The averments in paragraph 15 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 15 are denied.

16. The averments in paragraph 16 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 16 are denied.

17. The averments in paragraph 17 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 17 are denied.

18. The averments in paragraph 18 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 18 are denied.

### SECOND CLAIM FOR RELIEF
### (ACCOUNT STATED)

19. Paragraphs 1 through 18 are incorporated herein by reference.

20. The averments in paragraph 20 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 20 are denied.

21. The averments in paragraph 21 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 21 are denied.

22. The averments in paragraph 22 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 22 are denied.

23. The averments in paragraph 23 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 23 are denied.

### THIRD CLAIM FOR RELIEF
### (GOODS SOLD AND DELIVERED)

24. Paragraphs 1 through 23 are incorporated herein by reference.

25. The averments in paragraph 25 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 25 are denied.

26. The averments in paragraph 26 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 26 are denied.

## DEMAND FOR JURY TRIAL

The Defendant hereby demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, the Defendant requests that this case be dismissed.

## AFFIRMATIVE DEFENSES

27. Paragraphs 1 through 26 are incorporated herein by reference.

28. Plaintiff fails to state a claim upon which relief can be granted.

29. All or part of Plaintiff's claims are barred as a result of payment having been made to Plaintiff.

30. Plaintiff's claim contained in the Complaint is barred because the Defendant has not breached any obligation that they may have had with Plaintiff.

31. To the extent established in discovery, the Plaintiff's alleged claims are subject to set-off and/or recoupment for obligations owed by the Debtors to the Defendant.

32. Defendant disputes any and all amounts set forth in the Complaint.

33. Defendant reserves the right to amend or supplement the foregoing affirmative defenses as necessary and as additional facts are made known.

WHEREFORE, the Defendant requests that this case be dismissed.

Respectfully submitted,

LEECH TISHMAN FUSCALDO & LAMPL, LLC

Dated: May 6, 2021

By: /s/ Gregory W. Hauswirth
Gregory W. Hauswirth (DE Bar No.5679)
1007 North Orange Street, 4th Floor
Wilmington, DE 19801
Telephone: 302.332.7181
Facsimile: 412.227.5551
ghauswirth@leechtishman.com

*and*

Patrick W. Carothers (PA Bar No. 85721)

        525 William Penn Place, 28th Floor
        Pittsburgh, PA  15219
        Telephone:  412-261-1600
        Facsimile:   412-227-5551
        pcarothers@leechtishman.com

*Attorneys for Defendant, JMS Russel Metals Corp.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| BAYOU STEEL BD HOLDINGS, LLC, *et al.*, ) | |
| ) | Case No. 19-12153 (KBO) |
| Debtors. ) | |
| _____ ) | (Jointly Administered) |
| ) | |
| GEORGE L. MILLER, in his capacity as ) | |
| Chapter 7 Trustee of BAYOU STEEL BD ) | |
| HOLDINGS, L.L.C., *et al.*, ) | Adversary Proceeding No. 21-50238 (KBO) |
| ) | |
| Plaintiff, ) | |
| ) | JURY TRIAL DEMANDED |
| vs. ) | |
| ) | |
| JMS RUSSEL METALS CORP., ) | |
| ) | |
| Defendant. ) | |

**NOTICE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon counsel of record this 6th day of May 2021, by the Court's electronic mail system and U.S. Mail, first class, postage prepaid, as follows:

Andrew W. Caine, Esq.
Peter J. Keane, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705

*(Counsel to Plaintiff, George L. Miller, Chapter 7*
*Trustee for the Estates of Bayou Steel BD Holdings, L.L.C., et al.)*

*/s/ Gregory W. Hauswirth*